IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL EDWIN MIETH, #1178921 | § | |
| VS. | § | CIVIL ACTION NO. 4:07cv470 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Michael Edwin Mieth, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was transferred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636 ( c).

Background

Petitioner is challenging his Denton County conviction for felony driving while intoxicated, Cause No. F-99-1000-C. On June 11, 2003, a jury found him guilty and sentenced him to prison for twenty-five years. He filed an untimely appeal, which the Second Court of Appeals dismissed for want of jurisdiction on September 25, 2003. After filing a state application for writ of habeas corpus seeking an out-of-time appeal, an appeal was granted on March 2, 2005. After considering the out-of-time appeal, the Second Court of Appeals affirmed the judgment of the trial court. *See Mieth v. State*, No. 02-05-121-CR (Tex. App.–Fort Worth, March 9, 2006, no pet.). On May 1, 2006, the Texas Court of Criminal Appeals denied his motion for an extension of time in which to file a petition for discretionary review (PDR). On December 15, 2006, Petitioner filed an 11.07 application for a writ of habeas corpus in state court, which the Court of Criminal Appeals denied without written order on August 22, 2007.

The present petition for a writ of habeas corpus was filed on October 9, 2007. Petitioner specified that he placed the petition in the prison mailing system on October 1, 2007; thus, it is

deemed filed on October 1, 2007, in accordance with the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner claims he is entitled to relief based legal and factual insufficiency, due process violations, and ineffective assistance of counsel. The Director filed a Response, stating that the petition is time-barred.

<u>Antiterrorism and Effective Death Penalty Act of 1996</u>

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one year limitations period shall run from the latest of four possible situations: the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review; the date an impediment to filing created by the State is removed; the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. at § 2244(d)(1)(A)-(D). The AEDPA also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *Id*. at 2244(d)(2).[1]

In the present case, the Petitioner is challenging his June 11, 2003 conviction. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when the conviction became final. Because Petitioner did not timely appeal, his conviction became final on July 11, 2003, thirty days after the judgment of conviction. *See* Tex. R. App. P. 26.2(a)(1). Accordingly, absent any appropriate tolling, his federal application for writ of habeas corpus was due no later than July 11, 2004. It was not filed until October 1, 2007.

---

[1] The Fifth Circuit discussed the approach that should be taken in applying the AEDPA one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a *properly filed* application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation (emphasis added). The Supreme Court held that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed.2d 213 (2000). It counseled that these rules govern "for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id*; *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004). The Fifth Circuit interprets the words "properly filed" narrowly. *Lookingbill v. Cockrell*, 293 F.3d 256, 160 (5th Cir. 2002).

Here, Petitioner's appeal did not conform to applicable procedural filing requirements required by the state. However, on January 20, 2004, he filed a state application for writ of habeas corpus seeking an out of time appeal. On March 2, 2005, the Texas Court of Criminal Appeals granted Petitioner's application on the findings of the trial court. Upon consideration of his out of time appeal, the Texas Second Court of Appeals affirmed the judgment of the trial court. *Mieth v. State*, No. 02-05-121-CR (Tex. App.– Fort Worth March 9, 2006, no pet.).

When a federal habeas petitioner is being held pursuant to the same state court judgment, nothing under the federal habeas corpus statute of limitation allows a collateral state court action to terminate a properly begun federal limitation period. *See Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004). When a state prisoner convicted by a Texas court gains the right to pursue an out-of-time appeal, as was granted in this case, the federal habeas corpus limitation period is tolled until that state appellate process is ended. *Id*. The federal limitation statute does not require a federal court to restart the running of the federal limitation period altogether. *Id*.

Petitioner was granted permission to pursue an out-of-time appeal. Thus, his limitations period was tolled 811 days (from January 20, 2004 until April 10, 2006 – the day his petition for discretionary review was due). The tolling extended his limitations period from July 11, 2004 to September 30, 2006. Tex. R. App. P. 68.2(a). Petitioner filed for an extension to file his petition

for discretionary review with the Texas Court of Criminal Appeals, but the motion was denied on May 1, 2006. Thus, Petitioner's federal petition was due on September 30, 2006. It was not filed until October 1, 2007, approximately one year beyond the limitations period.

Petitioner filed a state application for writ of habeas corpus on December 15, 2006. However, it was filed over two months after the September 30, 2006 deadline. Consequently, it did not serve to toll the statute of limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Thus, Petitioner's § 2254 petition is time-barred in the absence of any other tolling provisions.

Petitioner has not shown that any other statutory tolling provision applies. Likewise, he has not shown any rare and exceptional circumstances that would demonstrate entitlement to equitable tolling. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human

liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

In this case, Petitioner has not shown any valid basis upon which to equitably toll the statute of limitations; consequently, the federal petition, filed a year beyond the statutory deadline, is time-barred.  It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** with prejudice.  It is further

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 4th day of June, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE